**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4376**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY JOSEPH KETCHAM,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:18-cr-00370-DCN-1)

---

Submitted:  February 20, 2025                    Decided:  February 24, 2025

---

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina; Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Joseph Ketcham appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is unconstitutional—and his conviction therefore infirm—following *New York State Rifle & Pistol Ass'n v. Bruen*, which held that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. 1, 17 (2022). The Government moves for summary affirmance in light of our recent decision in *United States v. Canada*, in which we considered and rejected the same argument, holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least *some* set of circumstances." 123 F.4th 159, 161 (4th Cir. 2024) (internal quotation marks omitted).

The Government contends that Ketcham's sole argument on appeal is foreclosed by *Canada* and, thus, is "manifestly unsubstantial." *See* 4th Cir. R. 27(f)(1). Ketcham concedes that his argument is foreclosed and "an affirmance is inevitable" but nevertheless opposes summary affirmance. Because the only issue raised in Ketcham's appeal is foreclosed by our decision in *Canada*, we grant the Government's motion for summary affirmance, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2